IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
LARRY CRISLER and            )
JOYCE BILLINGSLEY,           )
                             )
              Plaintiff,     )    CIVIL ACTION
                             )
v.                           )    No.  12-1318-MLB
                             )
SEDGWICK COUNTY, et al.,     )
                             )
              Defendants.    )
                             )
```

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motions to dismiss and for summary judgment on the basis of res judicata. (Docs. 6, 8). The motions are fully briefed and ripe for decision. (Docs. 7, 9, 10). Defendants' motions are granted for the reasons herein.

**I.    Facts and Procedural History**

Plaintiffs, who are proceeding pro se, filed this action on August 28, 2012, against Sedgwick County and three of its employees. The complaint is twelve pages long but includes an additional 234 pages of exhibits, including excerpts from the Constitution, the United States Code, Kansas statutes and various publications. The claims contained in the complaint are difficult, if not impossible, to discern. However, it appears that plaintiffs are seeking some sort of tax exempt status on their real property and list complaints which occurred in 1985, 1994 and 2004. The complaint also references a prior action involving the same claims filed in 2011. That case was dismissed with prejudice by Judge Rogers and affirmed by the Tenth Circuit.

In the prior action, an almost identical twelve-page complaint was filed against the same defendants, without the inclusion of the several hundred pages of exhibits. Defendants moved for a more definite statement which was granted by the magistrate judge. Plaintiffs then submitted a response that included more than 300 pages of various statutes, regulations and articles. Defendants moved to dismiss the amended complaint pursuant to Rule 12(e) and 41(b). Judge Rogers held that the response did not address the matters in defendants' motion for a more definite statement and that the amended complaint did not state a federal claim against defendants. Judge Rogers dismissed plaintiffs' amended complaint pursuant to Rules 41(b) and 12(e).

Plaintiffs appealed the decision to the Tenth Circuit. The Circuit held that dismissal was warranted under Rule 41(b) and that plaintiffs' complaint was vague and ambiguous. Order and Judgment filed July 31, 2012, case no. 12-3020 (Doc. 30). Plaintiffs filed this case on August 28, 2012.

Defendants now move for dismissal and/or summary judgment on the basis of res judicata.

**II. Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational

trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Analysis**

Res judicata is an affirmative defense that "encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion." Park Lake Res. L.L.C. v. USDA, 378 F.3d 1132, 1135 (10th Cir.2004). Claim preclusion applies if three elements exist: (1) a judgment on the merits in an earlier action, (2) identity of parties in both suits, and (3) identity of the cause of action in both suits. King v. Union Oil Co. of Cal., 117 F.3d 443, 445 (10th Cir. 1997). "Collateral estoppel, or, in modern usage, issue preclusion, means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Schiro v. Farley, 510 U.S. 222, 232 (1994).

Defendants assert that all three elements of claim preclusion have been met in this case. Plaintiffs, in their response, make no attempt to contradict the arguments raised by defendants. Rather,

plaintiffs ramble on and state that the Tenth Circuit panel of judges who affirmed Judge Rogers' decision had "their hands tide [sic]." (Doc. 10 at 1).

Turning to the elements, there was a judgment on the merits in the previous case and that judgment was upheld by the Tenth Circuit. See Thompson v. Kan. Dept. of Corr., No. 07-3045, 2007 WL 2070303 (10th Cir. July 20, 2007)(the Tenth Circuit held that a prior dismissal for failing to comply with the court's orders satisfies the requirement of the first element). The last two elements are also met in this case as the parties are identical and the statements set forth in the complaints are also virtually identical. Therefore, the court finds that plaintiffs' claims are barred by res judicata.

**IV. Conclusion**

Defendants' motions for summary judgment and dismissal are granted. Plaintiffs' complaint is dismissed, with prejudice. The court will not entertain a motion for reconsideration in this case.

Plaintiffs are warned that if they file another case identical or similar to this one, they may be subject to sanctions. Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Plaintiffs will not be permitted to file any case in this court in forma pauperis without specific authorization of the district judge assigned.

IT IS SO ORDERED.

Dated this   20th   day of September 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-